# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONTANEOUS SALLEY, #R69912, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00331-NJR |
| DOCTOR MYERS and ASSISTANT WARDEN LOVE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Dontaneous Salley, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Pinckneyville's physician (Doctor Myers) retaliated against him for filing grievances by confiscating his cane, and the assistant warden (Love) would not require the doctor to return it. (Doc. 1, pp. 1-12).

Plaintiff subsequently fell and sustained injuries that the doctor refused to treat. Plaintiff brings claims against the defendants under the First and Eighth Amendments. He seeks declaratory judgment, money damages, and injunctive relief. (*Id*. at p. 6). Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction on March 25, 2019. (Doc. 5). The Court will take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C.

1

§ 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-5): Plaintiff suffers from limited mobility due to three serious medical conditions, *i.e.*, spondylolisthesis,[1] Osgood-Schlatter disease,[2] and five old gunshot wounds. (Doc. 1, p. 2). He was issued a cane on February 1, 2016. When Plaintiff transferred to Pinckneyville, Doctor Myers authorized his continued use of the cane, until he learned of a grievance Plaintiff filed against the doctor. On March 13, 2019, Doctor Myers asked Plaintiff to produce medical records demonstrating his continued need for the assistive device. Plaintiff pointed out that his medical records were "right in front of" the doctor and encouraged him to review the records for information regarding his medical conditions and permit. Doctor Myers instead confiscated Plaintiff's cane and promised to make his stay at Pinckneyville "miserable." (*Id.*).

Plaintiff filed an emergency grievance with the prison warden the same day. (Doc. 1, p. 2). Beyond acknowledging receipt of the grievance on March 15, 2019, Plaintiff received no formal response to it. (*Id.* at pp. 3-4). Less than a week later, Plaintiff fell and seriously injured his lower back and leg. (*Id.* at p. 3). He was taken to the health care unit on a stretcher. Plaintiff requested diagnostic testing (*e.g.*, x-rays), treatment, and return of his cane. Doctor Myers denied these requests, after acknowledging his receipt of Plaintiff's emergency grievance. The doctor instead ordered Plaintiff to return to his cell in pain, untreated, and unassisted. (*Id.*).

Along the way, Plaintiff saw Assistant Warden Love and pleaded for medical treatment and a cane. (Doc. 1, p. 4). Assistant Warden Love knew exactly who Plaintiff was because he had reviewed

---

[1] Spondylolisthesis is a slipping of the vertebrae that typically occurs at the base of the spine and can cause severe pain and disability. *See* https://www.webmd.com (last visited March 26, 2019).
[2] Osgood-Schlatter Disease is painful inflammation of the area just below the knee where the patellar tendon attaches to the tibia. *See* https://www.mayoclinic.org (last visited March 26, 2019).

his emergency grievance. Even so, he told Plaintiff to just "deal with the flow of things" and "get out [of] his face." (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Doctor Myers for confiscating Plaintiff's cane on March 13, 2019, and refusing to return it to him after he fell and injured himself on March 19, 2019 (Doc. 1, p. 5). |
| **Count 2:** | Eighth Amendment claim against Doctor Myers for refusing to treat the painful lower back and leg injuries that Plaintiff suffered when he fell on March 19, 2019 (Doc. 1, p. 5). |
| **Count 3:** | Eighth Amendment claim against Assistant Warden Love for refusing to help Plaintiff secure medical treatment or his cane on March 19, 2019 (Doc. 1, p. 6). |
| **Count 4:** | First Amendment retaliation claim against Doctor Myers for confiscating Plaintiff's cane, causing him to fall, and denying him medical treatment in March 2019 because Plaintiff filed grievances against him (Doc. 1, p. 5). |

**Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## Discussion

### Counts 1, 2, and 3

The Eighth Amendment prohibits cruel and unusual punishment of incarcerated persons. U.S. CONST. amend. VIII. All Eighth Amendment claims have an objective and a subjective component. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The objective component requires a plaintiff to demonstrate that he suffers from an "objectively, sufficiently serious" medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires a plaintiff to demonstrate that prison officials responded with deliberate

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

indifference, which occurs when officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

At this early stage, the Court will allow Count 1 to proceed against Doctor Myers, who deliberately disregarded Plaintiff's need for a cane when he confiscated it on March 13, 2019. Count 2 shall proceed against Doctor Myers for responding to Plaintiff's painful lower back and leg injuries on March 19, 2019, by refusing all forms of diagnostic testing and treatment and ordering him to return to his cell. Finally, Count 3 shall proceed against Assistant Warden Love, who was aware of Plaintiff's emergency grievance and injuries but told Plaintiff to "get out of [his] face" on March 19, 2019. (Doc. 1, p. 4).

### Count 4

A First Amendment retaliation claim requires a plaintiff to demonstrate that (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). *See also Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002) ("[A] plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct."). The allegations suggest that Doctor Myers retaliated against Plaintiff for filing grievances against him by confiscating Plaintiff's cane on March 13, 2019, causing him to fall on March 19, 2019, and denying him medical treatment for his injuries on March 19, 2019. Accordingly, Count 4 shall receive further review against Doctor Myers.

### Pending Motions

**A.      Motion for Recruitment of Counsel (Doc. 2)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff has not demonstrated any efforts to locate counsel on his own. He is also an experienced litigant and has demonstrated his ability to consistently prepare and file coherent and timely pleadings in this matter.

The only impediment to self-representation cited in his motion is serious mental illness. Should this, or any other, impediment prevent Plaintiff from representing himself going forward, he may file a new motion at that time. The Court finds no grounds for granting Plaintiff's motion at this point in time.

**B.    Motion for TRO and Preliminary Injunction (Doc. 5)**

Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and/or Preliminary Injunction on March 25, 2019. (Doc. 5). In the Motion, Plaintiff summarizes the facts already set forth above. Plaintiff adds that he was unable to stand or walk after his cane was confiscated (from March 13-19, 2019). After falling on March 19, 2019, he reported chronic pain in his lower back and leg and difficulty standing and walking. Plaintiff requests an order for the return of his cane and for a referral to a qualified specialist for examination and treatment.

A TRO is an order issued without notice to the party to be enjoined that lasts no more than fourteen (14) days. *See* FED. R. CIV. P. 65(b)(2). It may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). The Court cannot find that a TRO is warranted *at this time* because Plaintiff offers little insight into his current symptoms, medical problems, or difficulties with mobility (*i.e.*, between March 20 and 25, 2019). A hearing on the motion is thus necessary to determine whether either form of relief is warranted. The Court **DEFERS** a decision on Plaintiff's Motion for TRO and/or Preliminary Injunction until after this hearing occurs. A hearing will be set by separate order.

**C.    IFP Motion (Doc. 8)**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 8) will be addressed in a separate order of this Court.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNTS 1, 2,** and **4** will proceed against Defendant **MYERS**, and **COUNT 3** will proceed against Defendant **LOVE**, in their individual capacities only. In addition, the Clerk of Court is **DIRECTED** to **ADD** the **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER** (in his or her official capacity only) for the purpose of implementing any injunctive relief that is ordered.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity), DOCTOR MYERS,** and **ASSISTANT WARDEN LOVE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 5), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 26, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**