# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONTANEOUS SALLEY, #R69912, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00331-NJR |
| DOCTOR MYERS and ASSISTANT WARDEN LOVE, | ) |
| Defendants. | ) |

# ORDER

**ROSENSTENGEL, Chief Judge:**

A hearing is currently scheduled on Plaintiff Dontaneous Salley's Motion for Temporary Restraining Order and Preliminary Injunction on Friday, May 10, 2019. (Docs. 5, 34-36). Salley seeks an order requiring officials at Pinckneyville Correctional Center ("Pinckneyville") to issue him a cane and refer him to a specialist for evaluation of injuries he sustained in a fall at Pinckneyville on March 19, 2019. Salley is scheduled to appear at the hearing via video from Stateville Correctional Center.

On May 6, 2019, Salley filed a Motion for Amended Video Writ. (Doc. 37). He notified the Court of an anticipated change in his placement from Stateville to Pinckneyville prior to the hearing on May 10, 2019. Salley asks the Court to amend the video writ to reflect this change in placement and ensure his attendance at the hearing.

The Court contacted Pinckneyville and learned that Salley is not presently housed at that facility. He also will not be there on the date of the hearing, because he is currently at the Cook County Jail. Accordingly, the Court denies the Motion for Amended Video Writ (Doc. 37) and cancels the hearing on the Motion for Temporary Restraining Order and Preliminary Injunction.

1

Further, unless Salley returns to Pinckneyville, his request for a temporary restraining order and/or preliminary injunction appears to be moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Salley can show a realistic possibility that he would again be incarcerated at Pinckneyville under the conditions described in the Complaint (*i.e.*, without a cane or still in need of treatment for his March 2019 injury), would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). Accordingly, the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) will be denied as being moot at this time. The denial is without prejudice, however, and Salley may file a new motion at any time it becomes necessary to do so upon his return to Pinckneyville.

**IT IS ORDERED** that the Motion for Amended Video Writ (Doc. 37) is **DENIED**, and the hearing set for 2:30 p.m. on Friday, May 10, 2019, is **CANCELED**. Further, the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is **DENIED** without prejudice as being **MOOT**. Salley may file a new Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 at any time it becomes necessary to do so after returning to Pinckneyville.

**IT IS SO ORDERED.**

**DATED:** May 8, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**