IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONTANEOUS SALLEY, )
          Plaintiff, )
v. ) Case No. 19-cv-331-RJD
DOCTOR MYERS, ASSISTANT WARDEN )
LOVE, and WARDEN OF PINCKNEYVILLE )
CORRECTIONAL CENTER, )
          Defendants. )

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

The matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 50) filed by Defendant Percy Myers, M.D. and the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 53) filed by Defendants Larue Love and Christopher Scott Thompson. For the following reasons, Defendants' motions are **GRANTED**.

### BACKGROUND

Plaintiff Dontaneous Salley, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Following threshold review, Plaintiff proceeds on the following claims:

    **Count 1:**    Eighth Amendment claim against Doctor Myers for confiscating Plaintiff's cane on March 13, 2019, and refusing to return it to him after he fell and injured himself on March 19, 2019.

    **Count 2:**    Eighth Amendment claim against Doctor Myers for refusing to treat the painful lower back and leg injuries that Plaintiff suffered when he fell on March 19, 2019.

> **Count 3:** Eighth Amendment claim against Assistant Warden Love for refusing to help Plaintiff secure medical treatment or his cane on March 19, 2019.
>
> **Count 4:** First Amendment retaliation claim against Doctor Myers for confiscating Plaintiff's cane, causing him to fall, and denying him medical treatment

Defendants filed motions for summary judgment asserting Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit (Docs. 50, 53). Specifically, Defendants contend Plaintiff did not wait for a response to his grievance prior to filing suit. Plaintiff filed a response (Doc. 57)[1] asserting he filed an emergency grievance on March 13, 2019 but did not receive an immediate response.

The Court reviews the following relevant grievance contained in the record.[2]

**March 13, 2019 (#778-03-19)** (Doc. 57 at 12-13): This grievance was filed as an emergency.[3] Plaintiff states he was called for a healthcare pass with Dr. Myers on March 13, 2019. Dr. Myers requested that Plaintiff produce his permits for a cane, a low bunk, and a low gallery. Plaintiff responded that those permits should be in his medical file. Myers insisted Plaintiff produce a copy and when Plaintiff refused, Myers ended the appointment and told him to leave his cane. Plaintiff grieved that Myers told him that is what happens to people to file grievances and lawsuits against him. Plaintiff requested that the Warden of Programs and the HCUA correct Myers' misconduct.

Plaintiff's Cumulative Counseling Summary notes Grievance #778-03-19 regarding

---

[1] The Court notes Plaintiff's response was filed more than two months after the deadline. Due to Plaintiff's *pro se* status, the Court will accept the late filing.

[2] The Court did not consider the December 14, 2018 grievance, as Plaintiff stated in his response that grievance was pertaining to another issue not relevant to this case.

[3] The "emergency" box is cut off of the copy filed with the Court. There is a sentence on the bottom portion that states, "This grievance is an emergency and should be handle[d] as such due to the fact I can slip and fall and injury myself…" (Doc. 57 at 12).

inadequate medical treatment was received marked emergency on March 15, 2019 (Doc. 51-3 at 1). On March 27, 2019, Grievance #778-03-19 was deemed Non-Emergency by the CAO and returned to the offender. There is no further documentation in the record regarding the grievance.

After a careful review of the arguments and evidence set forth in the parties' briefs regarding the issue of exhaustion, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each

step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a

substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## ANALYSIS

Defendants assert Plaintiff failed to properly exhaust his administrative remedies prior to filing suit because he filed suit only seven days after filing his grievance. Plaintiff argues he submitted an emergency grievance on March 13, 2019 but did not receive an emergent response, therefore, his administrative remedies were unavailable, and he filed suit on March 20, 2019.

The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The regulations provide that "[t]he chief administrative Officer shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." ILL. ADMIN. CODE TIT. 20, § 504.840. The regulations do not describe the time limit within which an inmate can expect a response from the Warden nor is there a regulation that would instruct an inmate on what to do if the Warden fails to respond to an emergency grievance. *See e.g. Glick v. Walker*, 385 Fed.Appx. 579, 583 (7th Cir. 2010) (stating that a prisoner is not required to do more than what the regulations require); *Muhammad v. McAdory*, 214 Fed.Appx. 610, 612-613 (7th Cir. 2007). Plaintiff waited seven days after submitting his emergency grievance to file his complaint in this Court. In

*Muhammad*, the inmate filed an emergency grievance as to prison conditions. After fifty-one days, and after receiving no response to his emergency grievance, he filed suit. The Seventh Circuit held that it was error for the Court to grant summary judgment to Defendants on exhaustion grounds based on these facts. *Id.* at 613-614. Within this District, Courts have held that waiting twenty-nine days or even sixteen days after filing an emergency grievance may be sufficient to exhaust, particularly when the inmate is in imminent danger of harm from a cellmate. *See Godfrey v. Harrington*, 13-cv-0280-NJR-DGW, 2015 WL 1228829, at *7 (S.D. Ill. Mar. 16, 2015) and *Hampton v. Baldwin*, No. 3:18-CV-550-NJR-RJD, 2018 WL 5830730, at *9 (S.D. Ill. Nov. 7, 2018). The Seventh Circuit has concluded, however, that inmates must wait more than two days for a response to their emergency grievance, particularly if "the danger is not of the greatest urgency." S*ee Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1174-1175 (7th Cir. 2010). Therefore, at some point in between two days and several weeks from submitting an emergency grievance, to which a response is not made, and filing suit, this Court may find that the administrative remedies were unavailable to Plaintiff and he will be deemed to have exhausted.

In the circumstances of this case, this Court finds that seven days was an insufficient period of time to wait for a response. While Plaintiff alleges in his emergency grievance he could slip and cause himself injury, he did not assert that he was in imminent danger of harm as described in those cases in which courts have found remedies unavailable. Further, no cases support a requirement of responding to an emergency grievance within seven days. In this case, Plaintiff had administrative remedies available but did not exhaust them prior to filing suit. Defendants are entitled to summary judgment for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, the Motions for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants (Docs. 50 and 53) are **GRANTED**, and Plaintiff's claims against Defendants Myers, Love, and Thompson are **DISMISSED WITHOUT PREJUDICE.** The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** January 2, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**